IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER E. MCDOWELL, :
   Plaintiff, :
 :
v. :
 :
DEPARTMENT OF HUMAN :
SERVICES, et al., :
   Defendants. :

## COMPLAINT

AND NOW, comes the Plaintiff, Jennifer E. McDowell, by and through themselves, *pro se*, to file petition in support thereof as follows:

1. The Plaintiff initiates this Complaint against the Defendants for constitutional violations under the color of law thereby giving rise to the instant action pursuant to 42 U.S.C. § 1983.

2. The Plaintiff alleges that the individuals complained of, acting under the scope and authority of state law through the Department of Human Services, infringed on the fundamental constitutional rights of the Plaintiff through unlawful surveillance and malicious prosecution as well as extra-judicial communication and failure to provide notice and opportunities to defend thereby giving rise to the instant complaint.

3. As a direct and proximate result of the misconduct complained of herein, the Plaintiff has suffered substantial damages and losses in the form of losses of liberty, deprivation of rights and property, as well as costs incurred with

relocations and further relocation due to overt actions taken by the Defendants to interfere with the landlord / tenant relationship of the Plaintiff thereby giving rise to the instant action.

4. The Plaintiff is seeking compensatory damages for the economic and noneconomic damages directly and proximately caused by the conduct of the Defendants herein in addition to punitive damages as well as any and all other relief deemed necessary and applicable.

## JURISDICTION AND VENUE

5. Jurisdiction exists in the instant matter pursuant to 42 U.S.C. § 1983 - Civil Action For Deprivation of Rights as the individuals complained of were employees of the state acting under the color of state law.

6. Venue is proper as the matters complained of in the instant district have taken place wholly within the instant district.

## PARTIES

5. PLAINTIFF - Jennifer E. McDowell - is the Plaintiff in the instant matter with an address of Address Line 1, Address Line 2

6. DEFENDANTS - The Department of Human Services as well as Defendants John Doe 1-10, Inclusive with an address of Address Line 1, Address Line 2.

7. Plaintiff is informed and believes and, based on that information and belief, alleges that, at various times herein mentioned, the DOE defendants were at the time the full time employees of the defendant.

8. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of defendant sued herein therefore sues said defendant by such fictitious names. Plaintiff is informed and believes and upon such information and belief, alleges that defendants designated is legally responsible for the events and happenings referred to herein and caused the damages proximately thereby to Plaintiff as hereinafter alleged.

## STATEMENT OF FACTS

9. The Plaintiff alleges that the events giving rise to her claims occurred from September 2014 and are current in Norristown, Harrisburg, and Philadelphia "while place[d] under investigation by the Department of Human Service Child Welfare Agency." (Id. at 4.)

10. The allegations supporting McDowell's claims generally concern a DHS investigation against her that McDowell alleges was conducted in a manner that harassed and destroyed the quality of her life which a judge and jury may reasonably find based on the facts and circumstances pertaining to the instant matter as well as the erroneous and baseless justifications to be provided by the Defendants for the unlawful intrusions and violations complained of herein.

Moreover, the Plaintiff alleges that the individuals complained of, acting under the scope and authority of state law through the Department of Human Services, infringed on the fundamental constitutional rights of the Plaintiff through unlawful surveillance and malicious prosecution as well as extra-judicial communication and failure to provide notice and opportunities to defend thereby giving rise to the instant complaint.

11. Among the various violations complained of, the Plaintiff avers that the Defendants by and through their agents either jointly or separately, engaged in various *ultra vires* conduct including but not limited to engaging in extra-judicial communications with landlords, employers, and neighbors/covert agenting in a manner that was harassing and caused harm to the reputation of the Plaintiff without any basis or justification. Furthermore, the Defendants engaged in overt actions against the Plaintiff without providing any opportunity to defend pursuant to the due process of law resulting in the direct and proximate causation of economic and non-economic damages including but not limited to infringement on the fundamental rights of the Plaintiff thereby giving rise to the instant action.

12. As a remedy, the Plaintiff is seeking declaratory relief in their favor as well as compensatory and punitive damages as may be prescribed by law against each of the individual DOES in their individual capacities in addition to any and all other relief deemed necessary and applicable.

## COUNT I - CIVIL ACTION FOR DEPRIVATION OF RIGHTS

## PURSUANT TO 42 U.S.C. § 1983

## AGAINST ALL PUBLIC ENTITY DEFENDANTS

13. The Plaintiff hereby references and incorporates Paragraph 1 through 12 as if though set forth herein at length.

14. Section 1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

15. In order to properly plead a Section 1983 claim, Plaintiffs must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a federally protected right. West v. Atkins, 487 U.S. 42, 48 (1988).

16. The federally protected right that the Plaintiff was deprived of in the instant matter was the 14th Amendment right to the due process of law. Specifically, the Plaintiff alleges that the extra-judicial communications between the Defendant and landlords / employers was in violation of the Plaintiff's constitutional rights in addition to the excessive surveillance of the Plaintiff engaged in by the Defendants in the instant matter, thereby giving rise to the instant complaint.

17. Furthermore, the erroneous bases used by the Defendant to deprive the Plaintiff of custody of their children is also a violation of the fundamental constitutional rights of the Plaintiff as no valid reason or justification was provided aside from the erroneous and fraudulent justifications of the Defendant(s) in the instant matter. When called upon to respond, the Defendants will provide nothing more than baseless and erroneous justifications for their infringements in the instant matter which is the basis for the instant complaint for relief. Moreover, The plaintiff alleges that the individuals complained of, acting under the scope and authority of state law through the Department of Human Services, infringed on the fundamental constitutional rights of the Plaintiff through unlawful surveillance and malicious prosecution as well as extra-judicial communication and failure to provide notice and opportunities to defend thereby giving rise to the instant complaint.

18. Based on the foregoing, The Plaintiff is seeking compensatory damages and punitive damages against each of the individuals responsible for the deprivation of rights complained of herein as well as any and all other relief deemed necessary and applicable.

## COUNT II - MALICIOUS PROSECUTION

### AGAINST ALL DEFENDANTS

19. The Plaintiff hereby references and incorporates Paragraph 1 through 12 as if though set forth herein at length.

20. A claim for wrongful use of civil proceedings, also commonly referred to as "malicious prosecution," arises "when a party institutes a lawsuit with a malicious motive and lacking probable cause." Shaffer v. Stewart, 473 A.2d 1017, 1019 (Pa. Super. Ct. 1984).

21. The erroneous bases used by the Defendant to deprive the Plaintiff of custody of their children is also a violation of the fundamental constitutional rights of the Plaintiff as no valid reason or justification was provided aside from the erroneous and fraudulent justifications of the Defendant(s) in the instant matter. When called upon to respond, the Defendants will provide nothing more than baseless and erroneous justifications for their infringements in the instant matter which is the basis for the instant complaint for relief.

22. Based on the foregoing, The Plaintiff is seeking compensatory damages and punitive damages against each of the individuals responsible for the deprivation of rights complained of herein as well as any and all other relief deemed necessary and applicable.

## COUNT III - FRAUDULENT REPRESENTATION
## AGAINST ALL DEFENDANTS

23. The Plaintiff hereby references and incorporates Paragraph 1 through 12 as if though set forth herein at length.

24. The elements of fraud under Pennsylvania law are "(1) a material factual misrepresentation; (2) made with knowledge or belief of its falsity; (3) with the intention that the other party rely thereon; (4) resulting in justifiable reliance to that party to his detriment." Agathos v. Starlite Motel, 60 F.3d 143, 147 (3d Cir. 1995); see also Moser v. DeSetta, 589 A.2d 679, 682 (Pa. 1991); Mellon v. Barre-National Drug Co., 636 A.2d 187, 189 (Pa. Super. 1993). Fraud can consist of "anything calculated to deceive, whether by single act or combination or by suppression of truth or suggestion of what is false." Moser, 589 A.2d at 682; see also Cottman Transmission Systems, Inc. v. Melody , 869 F. Supp. 1180, 1186 n.10 (E.D. Pa. 1994).

25. In the instant matter, the Plaintiff alleges that the Defendants engaged in false representation of material fact to engage in the deprivation of rights in the instant matter.

26. Specifically, the Defendants engaged in misrepresentations and misconstruing of fact to misrepresent the facts and circumstances provided to justify an investigation of the Plaintiff including but not limited to misrepresentations pertaining to the metal health and fitness of the Plaintiff, all of which contributed to the deprivations complained of in the instant matter.

27. As a direct and proximate result of the misconduct complained of herein, the Plaintiff has suffered substantial damages and losses in the form of losses of

liberty, deprivation of rights and property, as well as costs incurred with relocations and further relocation due to intentional overt actions taken by the Defendants to interfere with the landlord / tenant relationship of the Plaintiff thereby giving rise to the instant action.

28. The Plaintiff is seeking compensatory damages for the economic and noneconomic damages directly and proximately caused by the conduct of the Defendants herein in addition to punitive damages as well as any and all other relief deemed necessary and applicable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby respectfully requests this Honorable Court enter judgment in favor of the Plaintiff as follows:

A. Compensatory Damages - in an amount to be determined in a trial by jury.

B. Punitive Damages - in an amount to be determined in a trial by jury.

C. Injunctive Relief - Ordering the Defendants to correct the misrepresentations complained of.

D. Any and All Other Relief Deemed Necessary And Applicable.

Dated: March 16, 2022,                    Respectfully Requested,

_____