IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER E. McDOWELL,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 22-CV-1147 |
| DEPARTMENT OF HUMAN<br>SERVICES,<br>    Defendant. | :<br>:<br>:<br>: |

MEMORANDUM

**ROBRENO, J.**                                                                                                            **MARCH  31, 2022**

Currently before the Court are a Motion to Proceed *In Forma Pauperis* and a civil Complaint filed by Plaintiff Jennifer E. McDowell that raises claims against the Department of Human Services ("DHS") and its employees pursuant to 42 U.S.C. § 1983 and state tort law. (ECF Nos. 1 & 4.)  For the following reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice because it is barred by claim preclusion, also known as *res judicata*.

**I.  FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

This is the third civil action filed by McDowell against DHS based on allegations that DHS initiated a years-long investigation against her designed to disrupt her life and deprive her of her rights.  The Court provides a brief history of McDowell's relevant previous filings.

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by McDowell, of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

On October 25, 2021, McDowell filed a motion to proceed *in forma pauperis* and a civil complaint against DHS and Sabrina Afth, which was docketed as Civil Action Number 21-4756, and which raised claims pursuant to 42 U.S.C. § 1983 for violation of McDowell's due process and equal protection rights.  *See McDowell v. Dep't of Hum. Servs.*, No. 21-4756, 2022 WL 394756, at *1 (E.D. Pa. Feb. 9, 2022).  The gist of McDowell's allegations was "that DHS [was] attempting to destroy her life by constantly surveilling her, turning her employers, landlords, relatives, and others against her, and interfering with her day-to-day life by, among other things, encouraging others to 'gang-stalk' and harass her" in connection with a DHS investigation against her.  *Id.* at *4.  The Court initially denied McDowell's motion to proceed *in forma pauperis* without prejudice due to unclear financial information.  *Id.* at *2.  The Court also denied several of McDowell's requests for emergency relief in the form of either a temporary restraining order or a preliminary injunction filed at the outset of the case.  *Id.*

Following entry of an order giving McDowell an additional opportunity to comply with the Court's directive that she either pay the fees or file an amended motion to proceed *in forma pauperis*, McDowell cured the defects in her *in forma pauperis* motion and was granted *in forma pauperis* status.  *Id.* at *2-*3.  Although McDowell filed four documents reflecting her desire to add numerous defendants to the case, and although she was given two opportunities to file a "comprehensive amended complaint," she did not do so, although she submitted a document titled "Amended Petition for Review" with exhibits, which was titled for another court and appeared to duplicate an attachment to her initial complaint.[2]  *Id.* at *2-*4.  In a February 9, 2022

---

[2] The document related to "an appeal filed by McDowell from an order of the Philadelphia Court of Common Pleas, which dismissed her emergency motion for a protection order based on allegations similar to those at issue in [Civil Action Number 21-4756]."  *Id.* at *2 (citing *McDowell v. Dep't of Human Servs.*, 264 A.3d 832 (Pa. Commw. Ct. 2021) (unpublished table

Memorandum and Order, the Court dismissed McDowell's complaint with prejudice as factually baseless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), in light of the extensive nature of the conspiracy she alleged.³ *Id.* at *4. The Court's Memorandum and Order were served on McDowell via email on February 10, 2022. (Civ. A. No. 21-4756, ECF No. 23.)

The next day, McDowell initiated her second civil action, which was docketed as Civil Action Number 22-667. McDowell raised due process, equal protection, and other constitutional claims, pursuant to § 1983, against DHS and five individuals and entities that allegedly coordinated with DHS to deprive her of her rights. *McDowell v. Dep't of Hum. Servs.*, No. 22-0667, 2022 WL 580508, at *2 (E.D. Pa. Feb. 25, 2022). As with Civil Action Number 21-4756, the gist of McDowell's allegations "concern[ed] a DHS investigation against her that allegedly expanded into control over her daily life and, among other things, caused her children to be removed from her care." *Id.* In connection with that investigation, McDowell alleged among other things that the Defendants attempted to psychologically control her, engaged in "gang stalking," and used third parties to deprive her of housing and income. *Id.*

In a February 25, 2022 memorandum and order, the Court granted McDowell leave to proceed *in forma pauperis* and dismissed her claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).⁴ *Id.* at *4. First, the Court concluded that McDowell's claims against DHS were barred by *res judicata*, also known as claim preclusion, because they "essentially

---

disposition), *reconsideration denied* (Nov. 8, 2021)).

³ The Court considered McDowell's initial Complaint to be the governing pleading given McDowell's failure to file a comprehensive amended complaint despite being afforded opportunities to do so, but "consider[ed] the record as a whole in light of McDowell's *pro se* status to give McDowell the broadest possible construction of her claims." *Id.* at *4.

⁴ To the extent McDowell was raising claims on behalf of her children, the Court dismissed those claims without prejudice for lack of standing. *McDowell*, 2022 WL 580508, at *3.

duplicate[d] the claims that were finally dismissed in Civil Action Number 21-4756." *Id.* Second, the Court concluded that, in addition to the claims being precluded, McDowell's claims against all Defendants, including DHS, failed as factually baseless given the scope of the conspiratorial conduct alleged. *Id.* McDowell was not given leave to file an amended complaint.

On March 1, 2022, McDowell filed a motion in Civil Action Number 21-4756 for reconsideration of the Court's dismissal order, in which she requested one more opportunity to file an amended complaint. (Civ. A. No. 21-4756, ECF No. 24.) In particular, she sought to raise claims against DHS and "John Does 1-10" for civil rights violations arising from "a series of official actions taken by the Defendants to surveil and maliciously prosecute [her]." (*Id.* at 4.) On March 8, 2022, the Court denied McDowell's motion, concluding that amendment would be futile because she failed to "describe[] facts that would support a non-frivolous or plausible claim" against DHS or any other defendant. (Civ. A. No. 21-4756, ECF No. 25.)

Undeterred, McDowell submitted a new complaint to the Court, which was received on March 23, 2022, docketed in the instant civil action, and assigned to the undersigned. (ECF No. 1.) The caption of the Complaint names DHS as the only Defendant, but the body of the Complaint indicates McDowell's intent to sue DHS and "Defendants John Doe 1-10," identified as "full time employees" of DHS during the relevant time period. (Compl. at 1-3.) As with her prior lawsuits, McDowell's claims arise out of DHS's alleged investigation of her.

The DHS investigation allegedly occurred in Norristown, Harrisburg, and Philadelphia beginning in September 2014 and continuing to the present day. (*Id.* at 3.) McDowell contends that the investigation was "conducted in a manner that harassed and destroyed the quality of her life," (*id.* at 3), and violated her constitutional rights "through unlawful surveillance and malicious prosecution as well as extra-judicial communication and failure to provide notice and

opportunities to defend." (*Id.* at 1.)  She adds that the Defendants, in violation of her due process rights, "engaged in various *ultra vires* conduct including but not limited to engaging in extra-judicial communications with landlords, employers, and neighbors/covert agenting in a manner that was harassing and caused harm to the reputation of [McDowell] without any basis or justification." (*Id.* at 4.)

The Complaint asserts constitutional claims, pursuant to § 1983, for malicious prosecution and violation of McDowell's due process rights in connection with the manner in which the Defendants conducted the investigation against her and the unspecified bases upon which she lost custody of her children. (*Id.* at 5-6.)  McDowell also raises claims for malicious prosecution and fraudulent representation under Pennsylvania law. (*Id.* at 6-8.)  McDowell seeks compensatory and punitive damages, as well as an order directing the Defendants to "correct the misrepresentations complained of." (*Id.* at 9.)

## II.     STANDARD OF REVIEW

The Court grants McDowell leave to proceed *in forma pauperis* because it appears that she is not capable of prepaying the fees to commence this civil action.  Accordingly, the Court must dismiss McDowell's Complaint if, among other things, it fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id*.  "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the

defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)"). Because McDowell is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.  DISCUSSION

"Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit

based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584. With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

      Here, it is readily apparent that McDowell's Complaint in the instant civil action is based on the same series of events at issue in her prior cases, Civil Action Numbers 21-4756 and 22-667, both of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, those final judgments preclude McDowell from reasserting her claims against DHS in this lawsuit, whether based on the same or new legal theories. The prior judgments also preclude McDowell from proceeding with her claims against the John Doe DHS employees, who are in privity with DHS.[5] *See Salerno v. Corzine*, 449 F. App'x 118, 122 (3d Cir. 2011) ("[T]he various connections between [Special Treatment Unit] employees and the New Jersey Governor's Office provide ample grounds to find the privity requirement satisfied"); *Sheridan*, 609 F.3d at 261 ("The fact that there are additional parties in *Sheridan II* does not affect our conclusion" that claim preclusion applies); *Pasqua v. Cty. of Hunterdon*, No. 15-3501, 2017 WL 5667999, at *12

---

[5] Even if McDowell's claims against the Doe Defendants were not precluded, her allegations are far too generalized and conclusory to state a claim against them. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

7

(D.N.J. Nov. 27, 2017) ("[W]here the claims presented in the two actions are identical, the County Defendants were named in both actions, and the Individual Defendants have a close and significant relationship to the County Defendants, the Court finds that the 'same parties or their privies' requirement of the claim preclusion defense has been satisfied.") (citing cases); *see also Dunlap v. Cottman Transmissions Sys., LLC*, 689 F. App'x 188, 189 (4th Cir. 2017) (*per curiam*) ("The definition of privity is especially broad when, as here, res judicata is invoked against a plaintiff who has repeatedly asserted essentially the same claims against different defendants." (applying Pennsylvania law).) Accordingly, the Court will dismiss McDowell's Complaint as barred by claim preclusion.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint. The Court concludes that amendment would be futile because McDowell cannot cure the defects noted above. This is now the third unsuccessful lawsuit McDowell has filed about the DHS investigation against her. Accordingly, McDowell is placed on notice that if she files any new lawsuits based on the DHS investigation, the Court may subject her to a prefiling injunction, even if she names new Defendants or attempts to assert claims based on new legal theories. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). An appropriate Order follows, which dismisses this case.